# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| SHAWN FLOWERS-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-CV-70-SRC |
| | ) | |
| TAMARA ANDERSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Shawn Flowers-Bey, an inmate at Northeast Correctional Center ("NECC"), for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $36.40. *See* 28 U.S.C. § 1915(b)(1). Additionally, as fully explained below, the Court will dismiss defendants Dr. Michael Paniaugua, Bonnie Brennen, Dr. Tomas Cabrera, Warden Chantay Godert, and Sergeant Don Flies from the complaint. The Court will order the Clerk of Court to serve process on defendants Tamara Anderson, Unknown Uebinger, Leslie Lebon, Kristine Cutt, John Pierceall, Tanya Fielder, Unknown Armistead, and Alana Winter.

### **Initial Filing Fee Under Prison Litigation Reform Act**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After

payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is paid in full. *Id.*

In support of the motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $182.01. The Court will therefore assess an initial partial filing fee of $36.40, which is twenty percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983 alleging that medical personnel at NECC were deliberately indifferent to his severe back pain in violation of his Eighth Amendment rights. In addition, plaintiff alleges that prison personnel retaliated against him after he filed a grievance regarding his back pain. He names as defendants Tamara Anderson (Health Service Administrator, NECC); Unknown Uebinger (Security Sergeant, NECC); Dr. Michael Paniaugua (Doctor, NECC); Bonnie Brennen (Nurse, Corizon); Dr. Tomas Cabrera (Doctor, Corizon); Chantay Godert (Warden, NECC); Leslie Lebon (Functional Unit Manager ("FUM"), NECC); Kristine Cutt (FUM, NECC); Don Flies (Security Sergeant, NECC); John Pierceall (Corrections Officer ("CO"), NECC); Tanya Fielder (Caseworker, NECC); Mr. Unknown Armistead (CO, NECC); and Alana Winter (CO, NECC). He sues all defendants in their individual and official capacities.

Plaintiff states that on October 3, 2016, he was diagnosed as suffering from severe back pain and was placed on several different medications. He also states that he was "given medical

assisting devices," although he does not specify which devices he was given. Finally, he was given a medical lay-in so he would not have to work his assigned job as medical porter (*e.g.*, cleaning, odd jobs, etc. in the medical unit).

Plaintiff states that on November 28, 2016, the medical staff at NECC sent CO Alana Winter to plaintiff's cell to take away all of his medical assisting devices. Plaintiff filed a grievance two days later because he states he was in constant pain without his medical assisting devices, and unable to go anywhere without his wheelchair.

In retaliation for his filing this grievance, plaintiff states that on December 6, 2016, defendant Tamara Anderson conspired with Sergeant Uebinger and placed plaintiff on the prison captain crew job. Later in his complaint, plaintiff states defendants Tanya Fielder and Kristine Cutt also ordered him to join the prison captain crew in retaliation for filing a grievance. So despite his medical lay-in, plaintiff states that he was assigned a job involving more manual labor, including landscaping, which exacerbated his severe back pain. As a result of his working five days per week on the prison captain crew, plaintiff states that he sustained a permanent lower back injury. He states that he is in constant pain, has constant swelling in his lower back, and now walks with a limp.

On April 17, 2017, disregarding plaintiff's "no work" lay-in, plaintiff states defendant John Pierceall issued plaintiff a conduct violation for not reporting to work on the prison captain crew. The next day, April 18, 2017, defendant Armistead issued plaintiff another conduct violation for disobeying an order, creating a disturbance, and being out of bounds. Plaintiff was found guilty of both conduct violations.

For relief, plaintiff seeks a preliminary and permanent injunction to stop defendant from forcing him to work while he has a medical lay-in and to treat his severe back pain. He also seeks $100,000 from each defendant for compensatory damages.

**Discussion**

*(A)    Eighth Amendment Claims*

A prison official's deliberate indifference to a prisoner's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment. *Alberson v. Norris*, 458 F.3d 762, 765-66 (8th Cir. 2006). To prevail on his Eighth Amendment claim, plaintiff must show that (1) he suffered from an objectively serious medical need, and (2) defendant knew of but deliberately disregarded that need. *See Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011).

Plaintiff states he was diagnosed as suffering from severe back pain, was treated with several pain medications, "given medical assisting devices," and issued a medical lay-in allowing him to stop working as a medical porter. He alleges defendant Alana Winter exhibited deliberate indifference to his serious medical need by taking away his medical assisting devices, causing him to be unable to move without his wheelchair, and unable to go to the dining hall.[1] Further, despite having a "no work" medical lay-in, plaintiff alleges defendant COs John Pierceall and Unknown Armistead issued plaintiff conduct violations for not reporting to work, even though both officers knew plaintiff had a "no work" lay-in. This, he states, also constitutes deliberate indifference to a serious medical need. Liberally construed, the Court finds that plaintiff has alleged plausible claims for deliberate indifference to a serious medical need against defendants Winter, Pierceall, and Armistead. The Court will order service upon these defendants.

---

[1] It is unclear from plaintiff's complaint whether his wheelchair was considered a "medical assisting device."

*(B) First Amendment Claims*

The remainder of plaintiff's complaint alleges defendants violated his First Amendment right to be free from retaliatory discipline for participating in a protected activity, *i.e.*, filing grievances. "[T]he First Amendment right to petition for redress of grievances includes redress under established prison grievance procedures." *Dixon v. Brown*, 38 F.3d 379, 379 (8th Cir. 1994) (citing *Sprouse v. Babcock*, 870 F.2d 450 (8th Cir. 1989)). Retaliatory actions are defined as actions that would chill a person of ordinary firmness from engaging in the protected activity. *See Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004). Retaliatory action that worsens an inmate's working conditions can be sufficiently adverse to be actionable under § 1983. *See Lewis v. Jacks*, 486 F.3d 1025, 1029 (8th Cir. 2007) (citing *Madewell v. Roberts*, 909 F.2d 1203, 1204–06 (8th Cir.1990)).

Plaintiff alleges defendants Tamara Anderson and Unknown Uebinger conspired to force plaintiff to work on the prison captain crew, a more labor intensive work assignment, in retaliation for plaintiff's filing of a grievance. Plaintiff's work on the prison captain crew exacerbated his back injury, and has caused him to walk with a limp. Plaintiff states defendants Tanya Fielder and Kristine Cutt also forced plaintiff to work on the prison captain crew, as further retaliation for plaintiff's filing grievances. Finally he alleges Acting Warden Leslie Lebon continued to force plaintiff to work despite his lay-in and authorized an "extreme" search of plaintiff's cell, including confiscation of plaintiff's personal property. Liberally construed, the Court finds plaintiff has stated a claim of retaliatory discipline in violation of the First Amendment against defendants Anderson, Uebinger, Fielder, Cutt, and Lebon sufficient to withstand initial review under 28 U.S.C. § 1915(e)(2). The Court will order the Clerk of Court to issue service upon these defendants.

(C) The Remaining Defendants

Plaintiff does not state any facts establishing any constitutional violations against the medical defendants Dr. Michael Paniaugua, Nurse Bonnie Brennan, and Dr. Tomas Cabrera. He states only that these defendants were involved in issuing his medical lay-in. Because he has not stated any constitutional claims against these medical defendants, the Court will dismiss plaintiff's complaint as to them.

As to defendant Warden Chantay Godert, plaintiff claims she listened to his complaints and asked him to write down these complaints in a letter addressed to her. She then forwarded the letter to Robert Webster, but plaintiff received no response. These facts are not enough to establish a plausible § 1983 claim against Godert. Plaintiff does not allege that Godert personally participated in the denial of any medical care or treatment or personally participated in any retaliatory discipline at NECC. To state a claim under § 1983, plaintiff must plead that each defendant "personally violated plaintiff's constitutional rights." *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (citing *Iqbal*, 556 U.S. at 676). It is well established that the doctrine of *respondeat superior* does not apply in § 1983 suits. *See Iqbal*, 556 U.S. at 676; *Beaulieu v. Ludeman*, 690 F.3d 1017, 1030 (8th Cir. 2012) ("supervisors . . . cannot be held vicariously liable under § 1983 for the actions of a subordinate."). Additionally, "a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997).

Finally, plaintiff states that defendant Sergeant Don Flies supervised his work on the captain crew. He states he was "constantly threatened with violations or the hole by [Flies] and other staff members of the yard because I was unable to [perform] the work detail." These threats by Sergeant Flies are not sufficient to create a cause of action under § 1983. "Because a § 1983

action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation." *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). An inmate's injury must be more that *de minimis* to state an Eighth Amendment violation. *Id.* Mere threats do not rise to the level of a constitutional violations.

*(D)     Motion for Appointment of Counsel*

Finally, plaintiff has filed a motion for appointment of counsel. The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court. *Phillips v. Jasper Cty Jail*, 437 F.3d 791, 794 (8th Cir. 2006). Once the plaintiff alleges a *prima facie* claim, the Court must determine the plaintiff's need for counsel to effectively litigate his claim. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Missouri Dept. of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995) (abrogated on other grounds, *Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005)). This determination involves the consideration of several relevant criteria which include "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not warranted at this time. The action appears to involve straightforward questions of fact rather than complex questions of law, and plaintiff appears able to clearly present and investigate his claims. He has filed an articulate and readily understood pleading which indicates that he is capable of clear expression and appropriate organization of content. Further, the request for counsel is premature, as defendants have not yet been served, and the Court has not issued any Case Management Order.

The Court concludes that the appointment of counsel would not be of sufficient benefit to the Court or to plaintiff at this time, and will deny plaintiff's motion for appointment of counsel, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that within thirty (30) days of the date of this Memorandum and Order, plaintiff must pay an initial filing fee of $36.40. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to defendants Tamara Anderson, Unknown Uebinger, Leslie Lebon, Kristine Cutt, John Pierceall, Tanya Fielder, Unknown Armistead, and Alana Winter in their individual capacities.

**IT IS FURTHER ORDERED** that the defendants Dr. Michael Paniaugua, Bonnie Brennen, Dr. Tomas Cabrera, Warden Chantay Godert, and Sergeant Don Flies are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** without prejudice. [ECF No. 3]

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 24th day of January, 2020.

*SLR.CR*

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE