**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

SHAWN FLOWERS-BEY,                        )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )          No. 2:19-CV-70-SRC
                                          )
TAMARA ANDERSON, et al.,                  )
                                          )
            Defendants.                   )

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court on defendants Veronica Uebinger, Leslie Lebon, Kristine

Cutt, John Pierceall, Tanya Fielder, Kevin Armistead, and Alana Winter's motion to dismiss

plaintiff's amended complaint.[1]  Plaintiff has not responded to defendants' motion to dismiss, and

the time for doing so has passed. For the following reasons, the Court will grant in part and deny

in part defendants' motion to dismiss. The motion will be granted as to plaintiff's official capacity

claims against defendants, and denied in all other respects

**Background**

On July 9, 2020, plaintiff filed an amended complaint against the following officers at

Northeast Correctional Center ("NECC"):   Tamara Anderson, Veronica Uebinger (Correctional

Officer ("CO"), Leslie Lebon (Functional Unit Manager ("FUM")), Kristine Cutt (FUM), John

Pierceall (CO), Tanya Fielder (Caseworker), Kevin Armistead (CO), and Alana Winter (CO).[2]

---

[1] Defendants have identified Unknown Uebinger as Veronica Uebinger and Unknown Armstead as Kevin Armistead. The Court will order the Clerk of Court modify the record to reflect the corrected names of these defendants.

[2] On February 5, 2020, plaintiff filed a motion for leave to file an amended complaint, submitting

Plaintiff alleged he had been diagnosed with severe back pain, and the officers at NECC were deliberately indifferent to this condition and retaliated against him by taking away his medical assisting devices, including his wheelchair, and assigning him strenuous manual labor work duty.

On January 24, 2020, the Court conducted an initial review of plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B). The Court found plaintiff had stated a plausible claim for relief against defendants Tamara Anderson, Veronica Uebinger, Leslie Lebon, Kristine Cutt, John Pierceall, Tanya Fielder, Kevin Armistead, and Alana Winter. The Court issued service on these defendants.

Defendants move to dismiss plaintiff's amended complaint, stating that plaintiff has not alleged plausible claims for relief. Defendants state the plaintiff has not exhausted his administrative remedies, and even if he had, defendants state they are entitled to qualified immunity. The Court disagrees. As it previously found in its initial review of plaintiff's complaint under 28 U.S.C. § 1915, the Court finds plaintiff's has stated a plausible claim for relief against defendants.

## Legal Standard

To survive a motion to dismiss under Federal Rule 12(b)(6), plaintiff must state a claim that has facial plausibility. "A claim has facial plausibility when the plaintiff pleads factual content

---

as an attachment the proposed amended complaint. Instead of responding to plaintiff's motion for leave to file an amended complaint, defendants moved to dismiss the proposed amended complaint. This motion was premature. The Court has since granted plaintiff leave to file the amended complaint, however, so the Court will address defendants' motion to dismiss the amended complaint.

As reflected in the Court's order granting plaintiff leave to file his amended complaint, the Court did not grant plaintiff leave to file the amended complaint against the previously dismissed defendants Michael Paniaugua, Bonnie Brennen, Tomas Cabrera, Chantay Godert, and Don Flies. *See* ECF No. 21. For this reason, the Court will not address defendants' motion as it relates to these previously dismissed defendants.

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

The Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

## Discussion

### (1)   *Exhaustion of Administrative Remedies*

The Prison Litigation Reform Act (PLRA) provides that a prisoner cannot bring an action under 42 U.S.C. § 1983 without first exhausting available administrative remedies. *See* 42 U.S.C.

§ 1997e(a). Under the PLRA, exhaustion is mandatory and is a prerequisite to bringing a federal suit. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). This is true regardless of the relief offered by administrative procedures. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Moreover, the exhaustion requirement requires proper exhaustion, which entails completion of the administrative review process in accordance with applicable procedural rules, including deadlines. *Woodford v. Ngo*, 548 U.S. 81, 93-103 (2006).

In their motion, defendants state that plaintiff "does not attach or detail the results of any appeals of his relevant grievance to either his original complaint or the amended complaint." First, a prisoner is not required to plead and demonstrate exhaustion in the complaint. *See Jones v. Bock*, 549 U.S. 199, 212 (2007). Exhaustion is an affirmative defense, and failure to exhaust must be proven by the defendants. *Id.* More importantly, defendants argument is factually inaccurate. Plaintiff has attached his Offender Grievance Appeal Response, dated June 8, 2017, as page five of Exhibit B to his amended complaint. *See* ECF No. 22-1 at 6.[3] Plaintiff's grievance, NECC-16-1808, is also attached. *See id.* at 3-4. In his grievance, plaintiff details his medical history of back pain, complains of his medical treatment, and states his job duties were changed in retaliation for filing the grievance. *Id.*

Defendants have not met their burden to prove plaintiff has failed to exhaust his administrative remedies, and their motion to dismiss for failure to exhaust administrative remedies will be denied.

---

[3] Plaintiff has attached exhibits A, B, and C to the amended complaint. The Court will treat these attachments as part of the pleadings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

-4-

*(2)     Official Capacity Allegations*

Next, defendants seek dismissal of plaintiff's official capacity allegations. As stated in the Court's Memorandum and Order dated January 24, 2020, the Court issued process on defendants only in their individual capacities, not in their official capacities. *See* ECF No. 5 at 9. The Court simultaneously issued an Order of Partial Dismissal; however, the Order of Partial Dismissal does not reflect that the official capacity claims were dismissed. This was an oversight. The Court will enter a separate Order of Partial Dismissal, dismissing plaintiff's official capacity claims against defendants.

*(3)     Qualified Immunity*

Finally, in their motion, defendants state plaintiff's claims should be dismissed because defendants are entitled to qualified immunity. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "The protection of qualified immunity applies regardless of whether the government official's error is 'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" *Id.* (quoting *Groh v. Ramirez*, 540 U.S. 551, 567 (2004)).

"In determining whether a [state] official is entitled to qualified immunity, courts generally look first at whether the official's alleged conduct violated the [plaintiff's] federal rights at all and, if so, then ask whether the right was clearly established at the time of the conduct." *Norman v. Schuetzle*, 585 F.3d 1097, 1103 (8th Cir. 2009). However, this two-step process is not always advantageous. *See Pearson*, 555 U.S. at 237-42. "When qualified immunity is asserted at the

pleading stage, the precise factual basis for the plaintiff's claim or claims may be hard to identify." *Id.* at 238-39. A district court should abstain from deciding the first prong of the analysis where "the briefing of constitutional questions is woefully inadequate." *Id.* at 239. "[T]he judges of the district courts and the courts of appeals are in the best position to determine the order of decisionmaking that will best facilitate the fair and efficient disposition of each case." *Id.* at 242; *see Camreta v. Greene*, 563 U.S. 692, 707 (2011) ("In general, courts should think hard, and then think hard again, before turning small cases into large ones.").

The issue at this stage of the litigation is not whether plaintiff can prove any of the allegations, rather, the question for the Court is whether plaintiff has alleged enough facts to survive a challenge at the pleading level. Plaintiff is not required in his amended complaint to set forth evidence; his amended complaint must allege sufficient facts to raise a plausible claim for relief. For the purposes of a motion to dismiss, the Court must assume the truth of the allegations. Plaintiff alleges he has been diagnosed as suffering from severe back pain and has been placed on several different medications. He was given medical assisting devices, including a wheelchair, and a medical lay-in so that he would not have to work his assigned job as a porter. He states defendants took away all of his medical assisting devices, including his wheelchair.   Further, in retaliation for his filing a grievance, plaintiff states defendants placed plaintiff on the prison captain crew job doing manual labor and landscaping, which exacerbated his severe back pain.

Plaintiff has alleged sufficient facts in his amended complaint to state a plausible claim that defendants knowingly violated his federal constitutional rights to be free of cruel and unusual punishment. Defendants motion to dismiss on the grounds of qualified immunity will be denied.

-6-

Accordingly,

**IT IS HEREBY ORDERED** that defendants Veronica Uebinger, Leslie Lebon, Kristine Cutt, John Pierceall, Tanya Fielder, Kevin Armistead, and Alana Winter's motion to dismiss plaintiff's amended complaint is **GRANTED in part** and **DENIED in part**. The motion is granted to the extent that all official capacity claims against defendants will be dismissed. The motion is denied in all other respects. [ECF No. 16]

**IT IS FURTHER ORDERED** that the Clerk of Court shall substitute the name "Veronica Uebinger" for "Unknown Uebinger" and "Kevin Armistead" for "Unknown Armstead" as defendants on the docket sheet.

An Order of Partial Dismissal will accompany this Memorandum and Order

Dated this 28th day of July, 2020.

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE